1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| WILLIAM CECIL THORNTON, | 1:11-cv-01136-JLT PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT |
| v. | |
| SONNY PEREZ, et al., | (Doc. 15) |
| Defendants. | |
| _____/ | |

Plaintiff William Cecil Thornton, a state prisoner filed his first amended complaint alleging violations of his civil rights action pursuant to 42 U.S.C. § 1983 on November 3, 2011.  (Doc. 13.) Now pending before the Court is Plaintiff's November 10, 2011 motion to amend his complaint. (Doc. 15.)

Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires."  Four factors commonly used by courts to determine the propriety of a motion to amend are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of the amendment.  See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)).  Of these factors, the potential for prejudice to the opposing party "carries the greatest weight."  Eminence Capital, LLC, 316 F.3d at 1052.  The burden of showing prejudice falls on the party opposing amendment.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).  Absent prejudice, or a strong showing of any

1  of the remaining factors, "there exists a *presumption* under Rule 15(a) in favor of granting leave to

2  amend." Eminence Capital, LLC, 316 F.3d at 1052 (emphasis in the original).

3       Applying these factors to this case, the Court finds that Plaintiff should be granted leave to

4  amend.  There is no evidence of bad faith or undue delay on the part of Plaintiff or that Defendant

5  will be prejudiced by the amendment.  The Court has not yet screened Plaintiff's first amended

6  complaint and so defendants have not yet been served with the complaint.  In addition, the Court

7  finds that amendment of Plaintiff's complaint will not be futile.  "[A] proposed amendment is futile

8  only if no set of facts can be proved under the amendment to the pleadings that would constitute a

9  valid and sufficient . . . defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)

10 (citations omitted).  Here, though Plaintiff's motion does not provide sufficient facts regarding the

11 nature of the newly proposed claim, the Court cannot determine whether amendment would be futile.

12 Thus in light of the presumption afforded under Rule 15(a) in favor of granting leave to amend, the

13 Court will GRANT Plaintiff's motion.

14       If Plaintiff amends, he is required to file a second amended complaint that is complete within

15 itself without reference to any other pleadings.  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th

16 Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Local Rule 220.  Further, Plaintiff is

17 notified that "[u]nrelated claims against different defendants belong in different suits, not only to

18 prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure

19 that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number

20 of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28

21 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18.  Plaintiff

22 will not be permitted to proceed with a "mishmash of a complaint," George, 507 F.3d at 607, and

23 he is cautioned that if his second amended complaint fails to comply with Rule 18(a), the Court will

24 dismiss the unrelated claims.

25       Accordingly, it is HEREBY ORDERED that:

26    1.    Plaintiff's motion to amend is GRANTED; and

27    2.    If Plaintiff wishes to file a second amended complaint, he must file one document

28          setting forth all of his claims; and

2

1        3.      The Clerk's Office shall send Plaintiff a blank complaint form.

2

3    IT IS SO ORDERED.

4    Dated:   **November 15, 2011**                          _____**/s/ Jennifer L. Thurston**_____
                                                             UNITED STATES MAGISTRATE JUDGE