IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILLIAM THORNTON,** | Case No. 1:11-cv-01136 JLT (PC) |
| Plaintiff, | **ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |
| v. | |
| **SONNY PEREZ, et al.,** | |
| Defendants. | |

### I.   Background

Plaintiff William Thornton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On October 17, 2012, the Court issued an order directing Plaintiff to file a Third Amended Complaint or notify the Court of his willingness to proceed on those claims found to be cognizable in his Second Amended Complaint. (Doc. 19)  In the order, the Court warned Plaintiff, "If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order." Id. at 14. Despite the Court's order and warning, Plaintiff has failed to respond.

On November 19, 2012, the Court ordered Plaintiff to show cause why the matter should not be dismissed for his failure to file to comply with the Court's orders and to prosecute this case.  (Doc. 20)  Once again, Plaintiff did not respond despite that he was cautioned that is failure to do so would result in an order dismissing the case. Id. at 2.

**II.     Discussion and Analysis**

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9 th Cir. 2995) (dismissal for failure to comply with local rules); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson, 779 F.2d at 1423-24; *see also* Ferdik, 963 F.2d at 1260-61; Thomspon, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See* Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The Court will not, and cannot, hold the case in abeyance because Plaintiff has lost interest in this litigation.

Notably, the Court alerted Plaintiff of the consequences for failure to comply with the Local Rules and the Court's orders. (Doc. 19 at 14; Doc. 20 at 2) Thus, Plaintiff had adequate warning his matter would be dismissed if he failed to comply with the Court's order or its Local Rules. Moreover, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The action is **DISMISSED** without prejudice; and
2. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **December 10, 2012**                         **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE